THE MANUFACTURERS NATIONAL BANK OF TROY, Plaintiff, *v.* MARY A. TOOLE and Another, Defendants.

Supreme Court, Rensselear County, September 13, 1934.

*Murphy, Aldrich, Guy & Broderick,* for the plaintiff.

*Henry W. Williams,* for the defendants.

LAWRENCE, J. The action is for money judgment on a note for $8,050, dated November 20, 1933, payable four months after date, which is evidently a renewal of a six months' note for $10,000, dated July 22, 1931, with several intervening renewals.

The answer substantially admits the allegations of the complaint except that the note is due. It sets up as a separate defense the making of the original note and the contemporaneous execution of a mortgage on real estate situated in Hamilton county to secure it; the tender and refusal of the interest to a time subsequent to the beginning of the action; the willingness to pay the interest; the payment of the interest into court, and the payment of all taxes, and claims that the note is not due under the provisions of the Moratorium Act (Laws of 1933, chap. 793) as extended to July 1, 1935, by chapter 278 of the Laws of 1934. The note has a memorandum upon it with reference to the collateral mortgage and a chattel mortgage for $10,000.

The plaintiff takes the position that as the action is on the note and as no action is taken with reference to the mortgage, the Moratorium Act does not apply; and further, that as there is a chattel mortgage given as security, the real estate mortgage is not the sole security. It advances this as an added reason why the Moratorium Act does not apply, as well as the claim that the plaintiff is doing a commercial banking business and that the law did not contemplate its application to such business but only to cases of home owners whose property might be sacrificed if a forced sale is had during the time limit set by the Moratorium Act.

The chattel mortgage was never filed. The statement is made that the reason for not filing it was that the defendants had so requested.

Defendants claim that there is no valid chattel mortgage and that the security afforded by it has been waived, and further claims that the fact of its existence does not better the position of the plaintiff. It will thus be seen that the question of the interpretation of the various sections dealing with the extension of payment of principal obligations is raised and the question is presented whether that law applies to an action based solely on a note which is secured by real estate mortgage and by chattel mortgage.

It was apparent upon the argument that the existence of the chattel mortgage was a surprise to the defendants' attorney. Such unfiled chattel mortgage would seem to be valid as between the parties here.

The papers submitted satisfy the court that the plaintiff is amply secured. The affidavits show that the value of the property securing the obligation is worth in the vicinity of $100,000 and is insured to the extent of about $75,000.

Section 1077-a of the Civil Practice Act, so far as it applies here, provides that during the period of the so-called emergency no action for the foreclosure of a mortgage upon real estate shall be maintainable solely on account of default in the payment of principal secured by such mortgage. Section 1077-b of the Civil Practice Act, so far as it applies here, provides that no action shall be maintainable or judgment entered during the emergency upon any loan, if the indebtedness was originally contracted for simultaneously with such mortgage and is secured solely by such mortgage. Section 1077-g of the Civil Practice Act provides that the foregoing sections do not apply to mortgages dated on or after July 1, 1932, or to any obligations secured by such mortgages. Counsel discusses this feature of the case in view of this obligation being a renewal note, but I do not see that this section is an exception to the rule announced in the sections previously cited, as it is a renewal of an obligation which existed prior to July 1, 1932.

The purpose of the statute is to prevent a sacrifice of real property to satisfy a mortgage upon it where such mortgage is the only security. I do not believe this should apply to home owners only, as claimed by the bank.

It may be argued with force here that the plaintiff is seeking to accomplish indirectly what he cannot accomplish directly. While the original indebtedness was contracted for at the same time that the mortgage was given, it is not solely secured by such mortgage. These two elements should exist in order to bar action. Moreover, it is apparent that the defendants are possessed of personal property in excess of the obligation sought to be enforced, and orderly procedure would contemplate the sale of such property before resorting

to the real estate. It may be that the enforcement of payment from the sale of real estate may be resisted when it is determined that the real estate is the sole security for the obligation.

Motion by defendants for summary judgment is denied with ten dollars costs. Cross-motion, striking out the amended answer and for judgment, is granted, with costs of the action to date.